UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE TOUSSOUN,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and GOLDMAN SACHS BANK USA,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 1:21-cv-5745<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff MOSHE TOUSSOUN ("Plaintiff") brings this Complaint against defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc., ("Experian"), Trans Union, LLC ("TransUnion") and Goldman Sachs Bank USA ("Goldman Sachs") (together, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendants have been reporting inaccurate balance information about Plaintiff's Apple Card account. As explained below, Goldman Sachs – the issuer of the Apple Card – reported an account balance that inaccurately reflected a charge for a purchase that was already refunded.

2. Plaintiff notified Goldman Sachs that the reporting was in accurate multiple times, and submitted written FCRA disputes through Equifax, Experian, and TransUnion (the "CRAs"). Defendants, however, failed to correct the reporting.

1

3.      Defendants' failure to correct the reporting has damaged Plaintiff and continues to damage Plaintiff by preventing him from obtaining credit at the most favorable market rates. Plaintiff has also been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## PARTIES

4.      Plaintiff resides in Brooklyn, NY and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5.      Defendant Equifax is a foreign corporation licensed to do business in the State of New York. Equifax may be served through Corporation Service Company, 80 State Street, Albany, NY 12207-2543. Equifax qualifies as a "consumer reporting agency" under the FCRA.

6.      Defendant Experian is a foreign corporation licensed to do business in the State of New York. Experian may be served through CT Corporation System, 28 Liberty Street, New York, NY 10005. Experian qualifies as a "consumer reporting agency" under the FCRA.

7.      Defendant TransUnion is a foreign corporation licensed to do business in the State of New York. TransUnion may be served through The Prentice Hall Corporation System, Inc., 80 State Street, Albany, NY 12207-2543. TransUnion qualifies as a "consumer reporting agency" under the FCRA.

8.      Defendant Goldman Sachs is a financial institution headquartered at 200 West Street, New York, NY 10282, and is the issuer of the Apple Card. Goldman Sachs qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

9. The claims asserted in this complaint arise under §1681e(b), §1681i, and §1681s-2(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**Defendants Willfully Violated the FCRA and Harmed Plaintiff**

11. On November 25, 2020, Plaintiff made a purchase at Home Depot for $2,522.75.

12. Plaintiff returned the products a few days later. By email dated December 2, 2021, Home Depot confirmed that it received the returned items and that a refund would be issued.

13. On December 4, 2021, the entire purchase price of $2,522.75 was credited back to Plaintiff's account.

14. On January 29, 2021, the credit for the return was inexplicably reversed and a charge for $2,522.75 was added to Plaintiff's account.

15. Plaintiff called Goldman Sachs to dispute the charge and explained that the products had been returned and refunded.

16. Instead of cancelling the charge, the same amount was credited back to Plaintiff's account as a "dispute credit."

17. On March 12, 2021, a transaction posted to Plaintiff's account for a "dispute reversal" related to the Home Depot purchase, and a charge of $2,522.75 was added back to Plaintiff's account.

18. Plaintiff called Goldman Sachs to dispute the statement balance again and on May 27, 2021, the $2,522.75 was credited back to Plaintiff's account as a "dispute credit."

19. On July 27, 2021, the dispute was reversed, and a charge of $2,522.75 was again added back to Plaintiff's account.

20. Goldman Sachs reported the inaccurate account balance to Experian, Equifax, and TransUnion.

21. The credit limit on Plaintiff's Apple Card was $2,500. The inclusion of the inaccurate account balance artificially inflated Plaintiff's credit utilization ratio and adversely affected Plaintiff's credit score.

22. Goldman Sachs also reported that the High Balance was $4,108, a figure which included the charge from the Home Depot card. This reporting was materially misleading and conveyed that Plaintiff irresponsibly incurred charges well in excess of his credit limit.

23. On October 31, 2021, Plaintiff submitted detailed written disputes to Equifax's, Experian's, and TransUnion's respective FCRA compliance departments. Each dispute included an email confirmation proving that the Home Depot refund had been processed and excerpts of Plaintiff's Apple Card statements showing how the refund was improperly processed.

24. Equifax, Experian, and TransUnion duly notified Goldman Sachs about Plaintiff's disputes, as required by federal statute.

25. The receipt of Plaintiff's disputes triggered Defendants' obligations to conduct an investigation and correct the inaccurate account balance and high credit reporting.

26. Defendants, however, failed to conduct a reasonable investigation and failed to correct the reporting. As of October 12, 2021, the reporting remains uncorrected.

27. Defendants' failure to correct the balance on the Apple Card tradeline has damaged Plaintiff, and continued to damage Plaintiff, by preventing him obtaining credit at the favorable interest rates currently available. Indeed, Plaintiff applied for credit after the investigation, and

the prospective lender made a credit decision based on a credit report and/or credit score containing the erroneous reporting on the Apple Card tradeline.

## CAUSES OF ACTION

### COUNT I

### Against the CRAs for Violating 15 U.S.C. §1681e(b) and §1681i

28. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

29. The CRAs are liable for willfully, or at least negligently, failing to follow reasonable procedures to ensure the maximum possible accuracy of the account balance and high credit fields on Plaintiff's Apple Card account, in violation of 15 U.S.C. §1681e(b).

30. The CRAs are also liable for willfully, or at least negligently, failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and by reinserting the disputed information back into Plaintiff's consumer report.

31. As a result of misconduct described above, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

32. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### COUNT II

### Against Goldman Sachs for Violating 15 U.S.C. §1681s-2(b)

33. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

34. Goldman Sachs failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from the CRAs

35. Goldman Sachs willfully, or at least negligently, continued to report inaccurate information to the CRAs and improperly verified that the reporting was accurate.

36. As a result of Goldman Sachs' misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

37. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment:

a) awarding Plaintiff statutory, actual, and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  October 14, 2021                         **LAW OFFICES OF MOSHE BOROOSAN, P.C.**

                                                  */s/ Moshe O. Boroosan*
                                                 MOSHE O. BOROOSAN
                                                 1235 East 34th Street
                                                 Brooklyn, NY 11210
                                                 (404) 857-6229
                                                 moshe@boroosanlaw.com

                                                 *Attorney for Plaintiff*